UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL BURNS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:18-cv-00319-JAW |
| | ) |
| REANNA BURNS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFFS' MOTION TO DISMISS**

On August 16, 2018, Navient Credit Finance Corporation (Navient), one of the Defendants, filed a notice of removal to this Court of a complaint filed by Daniel and Susan Burns against Reanna Burns and Navient in state of Maine Superior Court for Somerset County. *Notice of Removal* (ECF No. 1).[1] Before Navient filed the state court record, the Plaintiffs separately moved to dismiss "this action due to the suggestion of bankruptcy now received." *Mot. to Dismiss* at 1 (ECF No. 8); *Mot. to Dismiss* at 1 (ECF No. 9). On August 29, 2018, Navient filed an assent to the dismissal. *Def. Navient Credit Fin. Corp.'s Assent to Pls.' Mots. to Dismiss Compl.* (ECF No. 10). Reanna Burns, who is listed in the state court documents as living in Willits, California, has not been served with a copy of the complaint and summons and has not entered an appearance. *See Notice of Removal* Ex. 1 at 1-14. On

---

[1] The Court assumes it has jurisdiction over this matter pursuant to the Notice of Removal. This Court's docket does not reveal whether Navient complied with Federal Rule of Civil Procedure 11(d) and notified the Somerset County Superior Court that it removed this action. This is typically evident on the state court docket when the removing party formally files the State Court Record. Here, the Plaintiffs have moved to dismiss the action before Navient filed the State Court Record. The Court assumes the parties will do whatever is necessary to assure that to the extent the Somerset County Superior Court still has an open case, the state court is informed of this dismissal.

September 11, 2018, the Burns formally filed a Suggestion of Bankruptcy with this Court. *Suggestion of Bankruptcy* (ECF Nos. 11, 12).

In reciting their one-line positions, neither the Plaintiffs nor Navient addressed any potential complications to the requested dismissal. Although Reanna Burns has not filed a suggestion of bankruptcy, the Court assumes based on their filing of suggestions of bankruptcy that the Plaintiffs received documentation from a bankruptcy court confirming that Reanna Burns filed a petition in bankruptcy. The question becomes whether the automatic stay provisions of 11 U.S.C. § 362 allow this Court to dismiss a claim against a debtor who has filed in bankruptcy or whether the automatic stay provisions bar dismissal.

> Section 362(a)(1) reads:
>
> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

Reading the literal language of this section, the Court concludes that a dismissal of a case against the debtor is neither the "commencement" nor "continuation" of a judicial action.

This reading seems consistent with the underlying purpose of the automatic stay, which is to preserve and protect the debtor's estate. "The purpose of the automatic stay is to . . . provide an equitable liquidation procedure for all creditors, secured as well as unsecured." *In re Lopez-Soto*, 764 F.2d 23, 27 (1st Cir. 1985)

(quoting *Matter of Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982)); *In re Paul*, 67 B.R. 342, 345 (Bankr. D. Mass. 1986) ("One of the primary goals of the automatic stay is to sort out creditors into an order of priority untainted by post-petition jockeying for position."). As a dismissal eliminates a claim against the debtor's asset, the Court concludes that it does not present a threat either to the debtor's property or to the rights of creditors to that property. This is, at least, the Court's best guess about the answer to an issue that has not been raised or briefed by the parties.

The Court GRANTS Plaintiff Susan Burns' Motion to Dismiss (ECF No. 8) and Plaintiff Daniel Burns' Motion to Dismiss (ECF No. 9). The Court DISMISSES the Plaintiffs' Complaint (ECF No. 1, Ex. 1) without prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2018